# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEE A. BROWN,

        Plaintiff,

  v.                                    Case No. 07-C-856

ROBERT S. PRIFOGLE and
CHRISTOPHER T. TYRE,

        Defendants.

**ORDER**

Plaintiff Lee A. Brown, who is confined at the Wisconsin Resource Center (WRC) under a civil commitment as a sexually violent person, *see* Wis. Stat. Ch. 980, has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated. More specifically, Brown alleges that during his commitment proceedings, his attorney, Robert S. Prifogle, refused to object to his probable cause hearing as untimely, failed to object when a witness testified falsely against Brown, waived a pre-trial hearing without Brown's consent, prevented Brown from attending a pre-trial hearing by video, and refused to send Brown a transcript of Brown's probable cause hearing. Brown also brings this suit against Dr. Christopher T. Tyre, who Brown claims testified falsely against him during his probable cause hearing. Brown seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

I will grant Brown's request for *in forma pauperis* status, but I nevertheless conclude that his complaint fails to state a claim upon which relief can be granted and that the case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .").

## REQUEST FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Brown, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Because he is under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act (PLRA), which, inter alia, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp 1141, 1142-43 (W.D. Wis. 1997). Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Brown filed the required affidavit of indigence. Having reviewed it, I am satisfied that he meets the poverty requirements of 28 U.S.C. § 1915. Brown swears that he has no job, no other source of income, and no money in any bank or institution account. He states that in the past year he has not received any gifts. He thus lacks significant funds to pay the filing fee, and I will grant him leave to proceed *in forma pauperis*.

## FAILURE TO STATE A CLAIM

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the PLRA, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims

2

for which relief may be granted. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing the sufficiency of a complaint, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of Brown's complaint.

Brown makes numerous allegations regarding Prifogle's legal representation, claiming, in essence, that Prifogle provided ineffective assistance of counsel, denying Brown due process of law. Defendants in Chapter 980 proceedings have a right to effective assistance of counsel. *See* Wis. Stat. 980.03(2)(a); *A.S. v. State*, 485 N.W.2d 52, 55 (1992). However, to the extent that Brown, through these and other allegations, seeks to challenge the constitutionality of his commitment, he may not do so in an action pursuant to 42 U.S.C. § 1983. The proper remedy for any action, that, if successful, "would necessarily demonstrate the invalidity of confinement or its duration" lies in the form of a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78-83. Indeed,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

3

order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). While *Heck* involved a prisoner complaint, the same policy considerations apply to persons involuntarily committed under procedures such as Wisconsin's Sexually Violent Offender law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that *Heck* is applicable to persons under civil commitment who have access to habeas relief). As this court explained in a recent case that likewise involved a combination of aspects of habeas corpus and a claim under 42 U.S.C. § 1983, the proper course for a person to challenge his commitment under Chapter 980 is "to appeal through the proper channels in state court." *Sievert v. Zuidmulder*, 2007 WL 1139415 (E.D. Wis. 2007). "If his appeals in state court are unsuccessful, he may then bring an action in federal court for a writ of habeas corpus, assuming he can state a claim cognizable under § 2254." *Id.* Brown has not exhausted these state court remedies. Thus, to the extent that he challenges his commitment, seeking habeas relief, his claims will be dismissed as premature.

To the extent that Brown seeks monetary damages for his counsel's actions, his claim still fails. Prifogle, a public defender, is immune to liability under § 1983, because he acted within his role as Brown's attorney and not under color of state law. In *Polk County v. Dodson*, the Supreme Court held that a plaintiff must establish that an attorney acted under color of state law as a jurisdictional prerequisite to a § 1983 claim." 454 U.S. 312, 315 (1981). The Court further clarified that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel." *Id.* at 325; *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Accordingly, Brown cannot state a § 1983 claim against Prifogle. For example, Brown apparently requested a transcript of his probable cause hearing from Prifogle because Prifogle represented him

4

at the hearing as a public defender. "Any duty to release the transcript would therefore flow from the attorney's ethical obligation to keep h[is] client informed," and no claim will lie under § 1983 for failure to provide the transcript. *McCoy v. Pucinski*, 1993 WL 13414, *3 (N.D. Ill). Brown's other claims against Prifogle are even more clearly associated with Prifogle's role as counsel, involving decisions not to object to certain procedures or testimony and to waive Brown's pre-trial hearing. Brown's claims against Prifogle will therefore be dismissed.[1]

Brown's claim against Tyre fails for similar reasons. Brown alleges that Tyre, a witness for the state, provided false testimony against him in open court. However, "a witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony." *Juriss v. McGowan*, 957 F.2d 345 (7th Cir. 1992) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)). This is because "witnesses might [otherwise] be reluctant to come forward to testify," and "once a witness is on the stand, his testimony might be distorted by the fear of subsequent liability." *Briscoe*, 460 at 333. The "policy considerations for granting absolute immunity to witnesses testifying at trial apply with equal force to witness testimony in adversarial pretrial settings," including probable cause hearings. *Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995). While immunity is not always extended to a "complaining witness . . . 'who actively instigated or encouraged the prosecution of the plaintiff,'" *Id.* at 286 (citing *Anthony v. Baker*, 955 F.2d 1395, 1399 n. 2 (10th Cir. 1992)), there is no allegation that Tyre in any way instigated the proceedings against Brown, only that he testified in court about various allegations that suggested Brown to be a sexually violent person. Therefore, Brown's claim against Tyre will be dismissed.

---

[1] Brown may be able to bring a legal malpractice claim against Prifogle in state court, however, this court expresses no opinion on the merits of such a claim.

5

Finally, throughout his complaint, Brown alleges he was entitled to a probable cause hearing within 72 hours of his detention under Chapter 980. Brown contends that after 14 years in prison, he remained in custody after his scheduled release date of June 19, 2007 solely pursuant to Chapter 980. He claims that under Wis. Stat. 980.04(2), once he was no longer in custody for any other reason, he was entitled to a probable cause hearing within 72 hours of his detention. Wisconsin law did once require that if a person subject to a petition under Wis. Stat. 980.02 was "in custody," a probable cause hearing had to be held "within 72 hours after the petition [was] filed," excluding weekends and holidays. Wis. Stat. 980.04(2)(a) (2005). The term "in custody" was interpreted to apply to those in custody pursuant to Chapter 980, rather than a previously imposed sentence. *In re Commitment of Brissette*, 601 N.W.2d 678 (Wis. Ct. App. 1999). Under this analysis, assuming Brown was detained more than 72 hours solely because of a Chapter 980 petition, the court, under the previous state law, failed to provide Brown a timely probable cause hearing. However, an amendment to Wis. Stat. 980.04(2), effective August 1, 2006, altered the analysis. The law in effect in June 2007, when Brown's case came before the Milwaukee County Circuit Court, no longer provided a 72 hour time limitation. Instead, Wis. Stat. 980.04(2)(b)2 required,

> If the person named in the petition is in custody under a sentence, dispositional order, or commitment and the probable cause hearing will be held after the date on which the person is scheduled to be released or discharged from the sentence, dispositional order, or commitment, the probable cause hearing under par. (a) shall be held no later than 10 days after the person's scheduled release or discharge date, excluding Saturdays, Sundays, and legal holidays . . . .

(2006). Thus, the circuit court's order on June 18, 2007 that a probable cause hearing be held on June 27, 2007, six weekdays after Brown's scheduled release date of June 19, 2007, complied with the revised version of the statute. Brown is mistaken in his reliance upon an earlier version of the

6

statute. His claim that his probable cause hearing was untimely cannot succeed under the relevant version of the statute and will accordingly be dismissed.

## ORDERS

**THUS, IT IS ORDERED** that Frier's request for leave to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that Brown's § 1983 claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, but without prejudice as to a potential habeas claim.

Dated this __2nd__ day of October, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
